UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL 251 HEALTH
SERVICES AND INSURANCE PLAN,
by and through its TRUSTEES, and
TAMMY BEAUDREAULT, in her capacity
as Administrator of Local 251 HSIP,

    *Plaintiffs*,

v.                                                                                          C.A. No.

R.P. IANNUCCILLO & SONS
CONSTRUCTION CO.,

    *Defendant.*

## COMPLAINT

This is an action to compel payment of contributions, interest, penalties and attorneys' fees to a multi-employer welfare plan pursuant to the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1001, *et. seq.*

### Jurisdiction and Venue

1.    Plaintiff Teamsters Local 251 Health Services and Insurance Plan ["HSIP"] is a multiemployer welfare benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).  HSIP's principal place of business is located at 1201 Elmwood Avenue, Providence, RI 02907.

2.    Plaintiff Board of Trustees ["Trustees"] are trustees and fiduciaries of HSIP.

3.    Plaintiff Tammy Beaudreault ["Beaudreault"] is the Administrator of HSIP.

4.    R.P. Iannuccillo & Sons Construction Co. ["RPI"] is a corporation organized under the laws of the State of Rhode Island.  At all relevant times, RPI has been an employer

1

within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). RPI's principal place of business is located at 70 Calverley Street, Providence, RI 02908.

5. This Court has personal jurisdiction over RPI and subject matter jurisdiction pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e). Venue is proper in this Court pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e).

## Facts

6. HSIP provide medical, prescription drug, dental and other benefits to International Brotherhood of Teamsters Local 251 ["Union"] members and their dependents. Benefits are financed primarily by employer contributions.

7. The employer contribution rate is set by collective bargaining agreements ["CBAs"] between the Union and each signatory employer or employer association.

8. RPI was at all material times a member of Construction Industries of Rhode Island ["CIRI"], a multi-employer bargaining association that represents employers engaged in heavy and highway construction.

9. RPI was at all material times bound by the CBA between CIRI and the Union.

10. Under Article XXI of the CBA, RPI must submit contributions on behalf of an injured employee for up to twelve (12) months:

> If an employee is injured on the job, the Employer shall continue to pay the required contributions until such employee returns to work, provided however, such contributions shall be forty (40) hours per week and shall not be paid for a period of more than twelve (12) months.

### The Trustees Discretionary Authority to Interpret Plan Documents

11. Under Article XXI of the CBA, RPI ratifies all actions taken by the Trustees within the scope of their authority:

The Employers and Union which are signator hereto ratify the designation of the Employer and the Employee Trustees under such Agreement, and ratify all actions already taken, or to be taken by such Trustees within the scope of their authority.

12. The rights and obligations of HSIP and employers are further set forth in the Restated Agreement and Declaration of Trust for Teamsters Local 251 Health Services and Insurance Plan ["Trust Agreement"].

13. RPI is bound by the terms of the Trust Agreement.

14. Under Article 13.10 of the Trust Agreement, "all determinations of the Trustees shall be final and binding. The Trustees shall have full authority and discretion to interpret this Agreement and any rules, regulations, policies or provisions there under."

15. The Summary Plan Description ["SPD"] governs the rights and obligations of participants, beneficiaries, the Plan Administrator and the Trustees.

16. Under Section One of the SPD, the Trustees have the exclusive authority to interpret the rules of HSIP:

> Only the Trustees of the Plan have the discretionary authority to determine eligibility for benefits and the right to participate in the Plan. This includes but is not limited to: The manner in which hours are credited, eligibility for any benefits, discontinuance of benefits, status as covered or non-covered participant, the level of benefits and interpretation and application of rules and regulations to a particular claim or application.
>
> All determinations made by the Board of Trustees with respect to any matters arising under the Plan, Trust Agreement and any other Plan documents shall be final and binding on all affected Plan Participants and their dependents.

17. Under the plan documents outlined in paragraphs 12 through 16, the Trustees have the authority to interpret HSIP documents, including the CBA.

## Kayne Medeiros's Injury

18. On or about August 8, 2019, Kayne Medeiros ["Medeiros"] suffered an on-the-job knee injury while covered by the CBA and employed by RPI.

19. From on or about August 9 to on or about December 30, 2019, Medeiros was disabled from work due to the knee injury.

20. RPI made contributions on behalf of Medeiros for the period August 9 to December 20, 2019.

21. From about August 9, 2019, to about December 30, 2019, Medeiros received workers' compensation benefits from RPI's insurance carrier, Beacon Mutual Insurance Company ["Beacon"].

22. On or about December 30, 2019, Medeiros' treating physician released Medeiros to return to work full duty.

23. On or about December 31, 2019, Medeiros began working for new employer, Petroleum Heat and Power Company ["Petro"].

24. On or about February 4, 2020, Medeiros became disabled from work as a result of a recurrence of his original August 2019 injury.

25. On or about February 7, 2020, Beacon reinstated Medeiros's workers' compensation benefits payments from RPI for the recurrence.

26. Notwithstanding the recurrence of the original injury RPI failed to make contributions on behalf of Medeiros.

27. On or about March 19, 2020, the Trustees determined that RPI must make contributions on behalf of Medeiros for the period of the recurrence, notwithstanding his temporary return to work at Petro.

28. By letter dated April 29, 2020, HSIP's counsel demanded RPI to submit contributions owed on behalf of Medeiros for the period of recurrence.

29. By letter dated May 6, 2020, RPI rejected HSIP's demand for contributions, stating "I disagree MEDEIROS was an employee of [RPI] on the date of his second injury, and I defer to the Board of Trustees to interpret the CBA and to correctly redirect benefit indemnification to PETRO."

30. On or about June 8, 2020, the Trustees considered RPI's letter and upheld their previous decision that RPI owed contributions on behalf of Medeiros.

31. By letter dated June 19, 2020, RPI's counsel denied RPI's obligation to make contributions on behalf of Medeiros, alleging that "there is no information which even evidences that the subsequent injury to Mr. Medeiros's knee was, in fact, work related."

## Count I
*Unpaid Contributions*
*29 U.S.C. § 1132(a)(3)*

32. Plaintiffs repeat and incorporate each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

33. RPI failed to make contributions, together with costs incurred, on behalf of Medeiros following the recurrence of his August 2019 knee injury.

34. Under the CBA and the applicable plan documents of HSIP, RPI is liable to HSIP for delinquency fees, attorneys' fees and liquidated damages equal to the interest on the unpaid contributions or 20% of the unpaid contributions, whichever is greater.

35. By the aforesaid acts and omissions, RPI failed to make contributions to a multiemployer plan in accordance with a collectively bargained agreement and in accordance with the terms of multiemployer plan, in violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray that this Honorable Court award HSIP relief as hereinafter set forth.

## Prayer for Relief

Plaintiffs pray that this Honorable Court:

a. Award HSIP all unpaid contributions;

b. Award HSIP interest on the unpaid contributions;

c. Award HSIP liquidated damages in an amount equal to the greater of:

   i. The interest on the unpaid contributions, or

   ii. Liquidated damages of 20%

d. Award HSIP attorneys' fees and costs; and

e. Award such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

**TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN AND TAMMY BEAULDREAULT**

By their attorney,

Marc Gursky, Esq. (#2818)
GURSKY|WIENS Attorneys at Law, Ltd.
1130 Ten Rod Road, Suite C-207
North Kingstown, RI 02852
Tel: (401) 294-4700
Fax: (401) 294-4702
mgursky@rilaborlaw.com

### *Certificate of Service*

I hereby certify that a copy of this document was filed electronically on  July 8, 2020 and is available for viewing and downloading on the Court's electronic filing system.

6